UNITED STATES of America,

v.

Konstantin YAROSHENKO, Defendant.

No. 09–cr–524.

United States District Court,
S.D. New York.

Signed Feb. 18, 2015.

Michael Max Rosensaft, Christopher Lloyd Lavigne, United States Attorney Office, Randall Wade Jackson, New York, NY, for United States of America.

Anna V. Brown, Brown Legal Consulting, LLC, Cherry Hill, NJ, Sam A. Schmidt, Sam A. Schmidt Law Office, Lee Alan Ginsberg, Freeman Nooter & Ginsberg, New York, NY, for Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

Pending before the Court is the application of the Russian Federation ("Russia") for leave to file an amicus brief in support of defendant Konstantin Yaroshenko's motion for a new trial based on newly discovered evidence. For the reasons that follow, the Court hereby denies the application.

■ "District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed,* 788 F.Supp. 196, 198 (S.D.N.Y.1992). At the outset, the Court notes the untimely nature of Russia's application. Nearly every legal argument that Yaroshenko now makes in support of his motion he also advanced in a pre-trial motion to dismiss the indictment and to suppress evidence filed in 2010. Russia was on notice of Yaroshenko's pending trial then, which was widely reported in both the U.S. and Russian press, and nothing stopped it from seeking leave of the Court to file an amicus brief or other submission at that time. Yet it failed to do so.

Moreover, even if some aspect of defendant's allegedly newly discovered evidence motivated Russia to seek to enter the fray in connection with defendant's instant motion, its application is still delinquent. Yaroshenko initially filed this motion in April 2014 and, after being given permission by the Court to continue to seek new evidence, filed his final submission on January 13, 2015. Only now, ten months after defendant filed his motion and well after defendant's much-delayed final briefing is complete, has Russia seen fit to approach the Court to request to file its brief and thereby further extend these already protracted proceedings. This is reason alone to deny the application.

■ But there is more, because, timeliness issues aside, Russia's application simply fails to persuade the Court that an amicus brief will serve a useful purpose. To the extent that Russia seeks to comment on the existence of allegedly newly discovered evidence, that is not the proper role of an amicus. Yaroshenko has already been granted ample opportunity to collect and present to the Court evidence relevant to the Court's decision.

Likewise, none of the three legal issues that Russia in its application says it intends to address requires further briefing:

First, there is no need for Russia to expound on its views of the Mutual Legal Assistance Treaty (the "MLAT") between the United and Ukraine because, as the Court explained in its first decision on this issue (rendered in 2011 and affirmed by the Court of Appeals in 2013), even if the United States violated the MLAT, "nothing in ... the MLAT suggests that violations ... give [ ] rise to any right of suppression or other judicially enforceable rights of the defendant in a U.S. court." *United States v. Umeh,* 762 F.Supp.2d 658, 664 (S.D.N.Y.2011) *aff'd,* 527 Fed.Appx. 57 (2d Cir.2013).

Second, receiving Russia's view on any possible violation of the Vienna Convention on Consular Relations will not assist the Court because Yaroshenko makes nothing but passing references to the Vienna Convention in his briefing and fails to set forth a coherent legal theory related to it. The Court will not allow Russia to now advance an argument on Yaroshenko's behalf that he omitted. *See United States v. Mullet,* 868 F.Supp.2d 618, 624 (N.D.Ohio 2012) ("Ordinarily, the purpose of an amicus brief is to assist the court in resolving issues of law by explaining or amplifying the issues the parties raised.").

Third, the Court will not benefit from supplemental briefing on whether the United States violated the Mansfield Amendment, 22 U.S.C. § 2291(c)(1), since "[t]he Mansfield Amendment is silent as to remedies for its breach, and no court has ever implied a remedy for a defendant alleging its violation." *United States v. Bourdet,* 477 F.Supp.2d 164, 175 (D.D.C. 2007).

An amicus curiae proves true to its name as a "friend of the court" when it offers a fresh perspective on an unsettled

question of law that the actual parties to the litigation have not fully addressed. Here, however, Russia seeks to comment on matters that have already been decided or that are not truly in issue, and the Court sees no benefit in allowing it do so.

For the foregoing reasons, Russia's application to file an amicus brief is hereby denied.

SO ORDERED.